UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 4:11-cr-20-TWP-VTW |
| | ) | | 4:11-cr-21-TWP-VTW |
| COURTNEY CROUCH, | ) | | 4:13-cr-19-TWP-VTW |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On June 13, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 13, 2017 (Docket No. 76 in Cause No. 4:11-cr-20-TWP-VTW; Docket No. 85 in Cause No. 4:11-cr-21-TWP-VTW; Docket No. 45 in Cause No. 4:13-cr-19-TWP-VTW) and the Supplemental Petition for Warrant or Summons for Offender Under Supervision (Docket No. 83 in Cause No. 4:11-cr-20-TWP-VTW; Docket No. 92 in Cause No. 4:11-cr-21-TWP-VTW; Docket No. 52 in Cause No. 4:13-cr-19-TWP-VTW). Defendant Courtney Crouch appeared in person with his appointed counsel Jonathan S. Ricketts. The government appeared by William L. McCoskey, Assistant United States Attorney. U. S. Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Crouch of his rights and provided him with a copy of the petitions.

2. Mr. Crouch waived his right to a preliminary hearing.

3. The parties advised the Court they had reached an agreement to resolve the allegations in the Petitions.

4. After being placed under oath, Mr. Crouch admitted Violations 1 through 7 of the Petitions filed in Cause No. 4:11-cr-20-TWP-VTW (Docket No. 76 and 83).

5. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."**<br><br>On May 31, 2017, the offender was charged in the Jennings County Circuit Court with Operating a Motor Vehicle After Forfeiture of License for Life, a Level 5 Felony (Count 1); Operating a Vehicle While Intoxicated, a Class C Misdemeanor (Count 2); Public Intoxication, a Class B Misdemeanor (Count 3); and Malicious Mischief, a Class B Misdemeanor (Count 4). According to the police report, police responded to the Circle K gas station in North Vernon, Indiana, on May 29, 2017, after receiving a call about an intoxicated male at the business. Police officers arrived and encountered Mr. Crouch in the bathroom; he had urinated in his pants. Because his eyes were red and bloodshot, he was asked to take Standardized Field Sobriety Tests, but refused. The offender stated he drank 4 or 5 beers about 30 minutes earlier. A Portable Breath Test was administered and tested positive for alcohol (.27 blood alcohol content). The pickup truck the offender was driving contained a case of beer, with an open can sitting in the middle of the bench seat, in the cab. There was also a case of beer and a snapping turtle, in violation of Indiana Law, in the bed of the truck. Court proceedings are pending. |
| 2 | **"The defendant shall refrain from excessive use of alcohol."**<br><br>On May 29, 2017, stated he drank 4 or 5 beers. A Portable Breath Test was administered and tested positive for alcohol (.27 blood alcohol content). |

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On March 22, 2017, the offender submitted a urine sample which tested positive for amphetamines. On March 30, 2017, he admitted he smoke methamphetamine a few days prior to submitting the urine sample.

| | |
|---|---|
| 4 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program."** |

The offender was released from prison on August 30, 2016. He submitted to an evaluation at Centerstone in Columbus on September 13, 2016, but no treatment was recommended. On March 22, 2017, the probation officer instructed the offender to contact Centerstone for an updated assessment, since he admitted using methamphetamine. When the probation officer met with the offender again on April 11, 2017, the offender stated he had not yet contacted Centerstone as directed by the probation officer. The offender met with a therapist at Centerstone on April 25, 2017, for an updated assessment and Moral Reconation Therapy was recommended. However, Centerstone staff was subsequently unable to contact Mr. Crouch, and Mr. Crouch failed to contact Centerstone to schedule treatment.

| | |
|---|---|
| 5 | **"The defendant shall notify the probation officer within seventy-two hours of being questioned by a law enforcement officer."** |

As indicated above, the offender was arrested on May 29, 2017, in Jennings County, Indiana. He bonded out of jail on June 1, 2017. The offender has not contacted his probation officer to report contact with law enforcement.

| | |
|---|---|
| 6 | **"The defendant shall not commit another federal, state or local crime."** |

On June 14, 2017, the offender was charged in the Jackson County Circuit Court with Operating a Motor Vehicle After Forfeiture of License for Life, a Level 5 Felony (Count 1); Operating a Vehicle While Intoxicated Endangering a Person, a Class A Misdemeanor (Count 2); and Operating a Vehicle with an ACE of .15 or More, a Class A Misdemeanor (Count 3). According to the police report, an intoxicated driver was reported to police on June 12, 2017, in Seymour, Indiana. Specifically, the offender was

allegedly driving on Highway 50 and was observed driving up on the sidewalk several times and observed completed stopped in traffic. He failed field sobriety tests. A portable breath test reflected .29% blood alcohol content. He was transported to the Seymour Police Department but refused a certified breath test. A warrant was requested and subsequently issued for a blood draw at Schneck Medical Center, and the result was .25% blood alcohol content. He was detained. Court proceedings are pending

**7**      **"The defendant shall refrain from excessive use of alcohol."**

As stated above, the offender consumed an excessive amount of alcohol on June 12, 2017

6. The Government orally moved to withdraw the Petitions filed in Cause Nos. 4:11-cr-21-TWP-VTW (Dkt. 85 and 92) and 4:13-cr-19-TWP-VTW (Dkt. 45 and 52), and the same was GRANTED.

7. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

8. The parties jointly recommended Mr. Crouch be sentenced to 12 months and one day of imprisonment with no term of supervised release to follow in Cause No. 4:11-cr-20-TWP-VTW.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the Petition, that his supervised release should be REVOKED, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day with no term of supervised release to follow. The Petitions in Cause Nos. 4:11-cr-21-TWP-VTW (Dkt. 85 and

92) and 4:13-cr-19-TWP-VTW (Dkt. 45 and 52) are WITHDRAWN, The defendant is remanded to the custody of the U.S. Marshal.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 6/15/2018

*Van Willis*

VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal